UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GARY PALMER,                                    No. 2:05-cv-1935-MCE-GGH

        Plaintiff,

  v.                                            ORDER

CHELSEA FINANCING
PARTNERSHIP, LP, CLAIRE'S
BOUTIQUES, INC. dba CLAIRE'S
BOUTIQUES, et al.,

        Defendants.

----oo0oo----

Following its dismissal from this litigation on or about January 23, 2006, Defendant Claire's Stores, Inc. (erroneously sued herein as CLAIRE'S BOUTIQUES, INC. dba CLAIRE'S BOUTIQUES) ("Claire's") now asks this Court to award it attorney's fees in the amount of $18,631.25, either as a prevailing party under the Americans with Disabilities Act (pursuant to 42 U.S.C. § 12205, or alternatively due to Plaintiff's alleged sanctionable conduct under 28 U.S.C. § 1927 (which authorizes sanctions against a party who unreasonably and vexatiously multiplies legal proceedings).

1 Claire's also urges the Court to award sanctions in accordance
2 with its own inherent power against a party who has acted in bad
3 faith.
4    Plaintiff filed the instant action on September 23, 2005.
5 By letter dated October 17, 2005, Stacey Herter, counsel for
6 Claire's, wrote Plaintiff's attorney, Lynn Hubbard, and advised
7 Mr. Hubbard of a binding Consent Decree and Settlement Agreement
8 reached in a nationwide class action involving disabled access to
9 Claire's facilities.  Because the terms of that settlement
10 precluded the present action against Claire's, Ms. Herter asked
11 that Mr. Hubbard dismiss Plaintiff's claim as against Claire's,
12 and advised him that she would be forced to file a motion to
13 dismiss and "seek any and all appropriate sanctions" if he failed
14 to do so.
15    While Ms. Herter claims that at some unidentified time after
16 sending the October 17, 2005 letter she called Mr. Hubbard's
17 office "to discuss the dismissal of Claire's", she apparently
18 spoke only with a paralegal and did not follow up her call with a
19 confirming letter.  Counsel for Claire's made no further attempt
20 to solicit a voluntary dismissal of Plaintiff's lawsuit and
21 instead filed a Motion to Dismiss on December 16, 2005.  Mr.
22 Hubbard filed a Statement of Non-Opposition to that Motion, which
23 was thereafter granted on January 23, 2006.
24    Attorney's fees to a prevailing defendant in an Americans
25 with Disabilities Act ("ADA") claim "should only be awarded under
26 exceptional circumstances, 'upon a finding that the plaintiff's
27 action was frivolous, unreasonable, or without foundation."
28 ///

1  Peters v. WinCo Foods, Inc., 320 F.Supp.2d 1035, 1037 (E.D. Cal.
2  2004), citing Summers v. Teichert & Son, Inc., 127 F.3d 1150,
3  1154 (9th Cir. 1997).  This cautious approach is necessary in
4  order to avoid the chilling effect that regular imposition of
5  such fees could have upon plaintiffs' commencement of ADA claims.
6  Id.  An action is frivolous if it lacks an arguable basis in law
7  or in fact.  Id.
8       Any shortcoming of Plaintiff's claim against Claire's herein
9  does not meet this rigorous standard.  Claire's takes issue not
10 with the potential merit of Plaintiff's claim but rather with
11 Plaintiff's failure to dismiss the claim sooner once he knew it
12 was procedurally barred by the nationwide Consent Decree and
13 Settlement Agreement.  Claire's argues that it was patently
14 unreasonable for Plaintiff's counsel not to have voluntarily
15 dismissed the action against Claire's between the time Mr.
16 Hubbard was made aware of the Consent Decree by letter dated
17 October 17, 2005 and the time a Motion to Dismiss was
18 subsequently filed a little less than two months later, on
19 December 16, 2005.  Claire's makes this claim despite the fact
20 that it made no further contact with Plaintiff's counsel during
21 this period (aside from the aforementioned message left with a
22 paralegal), and despite the fact that no discovery or other
23 issues between the parties were pending in the meantime.
24 ///
25 ///
26 ///
27 ///
28 ///

1  While Claire's correctly points out that attorney's fees
2 under the ADA may be assessed when a plaintiff continues to
3 litigate after it becomes clear that his or her case is without
4 merit, the delay at issue in this case simply does not constitute
5 an "exceptional circumstance" warranting imposition of attorney's
6 fees.  While Claire's relies on the decision in <u>Schutts v. Bently
7 Nevada Corp.</u> 966 F.Supp. 1549 (D. Nev. 1997), where fees were
8 assessed against the losing plaintiff, to support its position,
9 that case is clearly distinguishable.  In <u>Schutts</u>, over a period
10 spanning some five months, defense counsel sent two separate
11 letters requesting dismissal before ultimately filing a motion
12 for summary judgment after simultaneously pursuing discovery.
13 Here, on the other hand, we have one letter during a two month
14 period with no discovery or other case activity pending.  <u>Schutts</u>
15 simply does not justify imposition of attorney's fees in this
16 case.

17  Given the circumstances present, and in exercising its
18 discretion, the Court further finds that any delay in dismissing
19 Plaintiff's claim against Claire's does not warrant sanctions,
20 either under 28 U.S.C. § 1927 or pursuant to the court's own
21 power.  There has been no showing that Plaintiff either
22 recklessly multiplied the proceedings, thereby improperly forcing
23 Claire's to incur unreasonable costs, or that Plaintiff acted in
24 bad faith by not earlier dismissing her claim against Claire's.
25 ///
26 ///
27 ///
28 ///

4

1  Defendant Claire's Motion for Attorney's Fees and/or
2 Sanctions is accordingly DENIED.[1]
3  IT IS SO ORDERED.
4 DATED: March 31, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[1] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument.  E.D. Local Rule 78-230(h).

5